IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEO KARAN,                           )
                                     )    Civil No. 06-6232-MO
        Petitioner,                  )
                                     )
    v.                               )
                                     )
GUY HALL,                            )
                                     )    OPINION AND ORDER
        Respondent.                  )

    C. Renee Manes
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this 28 U.S.C. § 2254 habeas corpus case challenging his state court convictions for Sexual Abuse in the First Degree. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#30) is denied.

## BACKGROUND

On July 9, 1999, petitioner was indicted in Lane County on three counts of Sexual Abuse in the First Degree based incidents involving two 12-year-old girls in Lane County. Respondent's Exhibit 102. Petitioner proceeded to a jury trial where he was convicted of two of the three counts, resulting in two concurrent sentences of 75 months each. Respondent's Exhibit 105, p. 486.

Petitioner directly appealed these convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Karan*, 184 Or.App. 225, 56 P.3d 968, *rev. denied*, 335 Or. 114, 61 P.3d 256 (2002).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court concluded that petitioner failed to sustain his burden of proof with respect to any of his claims. Respondent's Exhibits 124, 125. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Karan v. Palmateer*, 206 Or.App. 237, 136 P.3d 757, *rev. denied*, 341 Or. 245, 142 P.3d 73 (2006).

2 - OPINION AND ORDER

Petitioner filed his Amended Petition for Writ of Habeas Corpus on February 13, 2008 raising the following claims:

1.  Trial counsel rendered ineffective assistance in violation of the Sixth and Fourteenth Amendments when counsel failed to:

    a.  perform an adequate investigation and to call a critical witness, Raju Goundar;

    b.  raise all available bases in support of the motion to suppress statements petitioner made to his superior military officers;

    c.  ensure a trial by a representative cross-section of the community, and/or to conduct discovery on the issue sufficiently to preserve the issue for later review;

    d.  present available evidence regarding the credibility and character of the victims; and

    e.  protect petitioner's rights to a proof beyond a reasonable doubt to a unanimous jury, as protected by the Sixth and Fourteenth Amendments;

2.  Appellate counsel rendered ineffective assistance of counsel in violation of the Fifth and Fourteenth Amendments when appellate counsel failed to:

    a.  raise all available arguments in support of the contention on appeal that petitioner's statements to military investigators should have been suppressed; and

    b.  protect petitioner's Sixth and Fourteenth Amendment rights to be found guilty only upon proof beyond a reasonable doubt and to a unanimous jury;

3.  Petitioner, a person of Fijian descent, was deprived of a trial before a representative cross-section of the community where his jury was all Caucasian even though Lane County is 13% minority;

    4.    Petitioner was deprived of his right to a fundamentally fair trial and sentencing where:

        a.    the trial court admitted statements obtained in violation of the Posse Comitatus Act and *Miranda v. Arizona*; and

        b.    he was sentenced under Oregon's mandatory minimum sentencing law which is cruel and unusual, and deprived him of his right to be heard in mitigation at sentencing; and

    5.    Petitioner was deprived of his right to proof beyond a reasonable doubt and to a unanimous jury.

Respondent asks the court to deny relief on the Amended Petition because: (1) Grounds One(d), One(e), Two, Three, Four(b), and Five were not fairly presented to Oregon's state courts and are now procedurally defaulted; (2) petitioner not only failed to fairly present Grounds One(e), Two(b), and Five, but failed to raise them in a timely fashion;[1] and (3) the Oregon state court decisions pertaining to the claims which were fairly presented to the state courts are neither contrary to, nor unreasonable applications of, clearly established federal law.

## DISCUSSION

**I.    Exhaustion and Procedural Default.**

    **A.    Standards.**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a

---

[1] Because the court concludes petitioner failed to fairly present these claims, thus leaving them procedurally defaulted, it need not engage in a timeliness analysis.

4 - OPINION AND ORDER

direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518

5 - OPINION AND ORDER

U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.   Analysis.**

During petitioner's direct appeal, he filed a Petition for Review with the Oregon Supreme Court which contained two grounds for relief:

1. Did the [trial] court err in denying defendant's motion in limine when defendant's statements were obtained involuntarily?

2. Did the trial court err in imposing a Ballot Measure 11 sentence?

Respondent's Exhibit 108.  These claims correspond to Grounds Four(a) and Four(b), respectively.  Although respondent asserts that petitioner failed to preserve his Measure 11 claim during his criminal trial when he did not cite to the U.S. Constitution during his objection, the court need not decide this issue because, as discussed below, the claim clearly fails on its merits.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

During his PCR proceedings, petitioner presented the following questions to the Oregon Supreme Court for consideration:

Did the post conviction trial court err in finding that petitioner's trial counsel was not ineffective as a matter of law, where trial counsel failed to cite federal authority regarding a motion in limine regarding statements to military police, failed to secure the

6 - OPINION AND ORDER

>     attendance of a critical witness, and failed to challenge
>     the racial and ethnic jury pool make-up in Lane County?

Respondent's Exhibit 128, p. 2. These three claims correspond to Petition Grounds 1(b), 1(a), and 1(c), respectively.

Because petitioner did not raise the remainder of his claims to Oregon's highest court for consideration, they were not fairly presented sufficient to preserve them for federal habeas corpus review. As the time for presenting the claims to Oregon's state courts passed long ago, they are procedurally defaulted.

Petitioner argues that although he never presented his claims based on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), to Oregon's courts for consideration, they are nevertheless eligible for habeas corpus review. Specifically, petitioner asserts that Oregon's state courts had consistently and summarily rejected any claims based on *Apprendi*, therefore he should be excused from the exhaustion requirement on the basis that it would have been futile for him to raise such a claim. He therefore asserts that pursuant to 28 U.S.C. § 2254(b)(1)(B), there was either an absence of an available state corrective process, or the process which was available was ineffective to protect his rights.

While petitioner couches his argument in terms of an available state corrective process, Oregon clearly offers a corrective process by which to present claims of trial court error and ineffective assistance of counsel, and that corrective process is not rendered ineffective merely by prior Oregon court decisions

7 - OPINION AND ORDER

adverse to petitioner's interests. In reality, petitioner is attempting to argue cause and prejudice to excuse his default based on the perceived futility of his *Apprendi* claims in Oregon's state courts. The Supreme Court has consistently stated that "futility cannot constitute cause [to excuse a procedural default] if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citing *Engle v. Isaac*, 456 U.S. 107, 130, n. 35 (1982)); *Smith v. Murray*, 477 U.S. 527, 535 (1986). Accordingly, petitioner is unable to excuse his default.

**II. The Merits.**

    **A. Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that

8 - OPINION AND ORDER

contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

In this case, the state courts did not issue reasoned opinions dealing with petitioner's claims. When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

///

**B.    Analysis.**

    **1.    Grounds One(a), One(b), and One(c): Ineffective Assistance of Trial Counsel.**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel.  First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.  The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id* at 694.  A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  *Id* at 696.

In this case, petitioner faults trial counsel for not calling Raju Goundar as a witness for his defense.  During his PCR trial, petitioner introduced his own affidavit claiming that one of the victims had falsely accused Goundar of sexual abuse in the past, and that Goundar also had information pertaining to the victims' alleged sexual promiscuity and poor character.  Respondent's Exhibit 113, pp. 3-5.  However, petitioner failed to provide the

10 - OPINION AND ORDER

PCR trial court with any independent evidence to show that Goundar could have testified to admissible facts which would have aided the defense. In the absence of such evidence, petitioner cannot prevail on his Ground One(a) claim. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel claim).

In Ground One(b), petitioner claims trial counsel was ineffective when he failed to raise all available bases in support of a motion to suppress statements he made to the Military Police at Fort Lewis, his home military base. Specifically, petitioner argues that the Posse Comitatus Act, codified at 18 U.S.C. § 1385, explicitly forbade the Military Police from acting as surrogates for the Springfield Police Department in conducting the criminal investigation giving rise to petitioner's convictions.

Assuming that the military's involvement in petitioner's civilian case violated § 1835, the penalty is a fine and/or imprisonment for a period not to exceed two years, not suppression. 18 U.S.C. § 1385. The Sixth Circuit has noted that "every federal court to have considered the issue has held that suppression is not an appropriate remedy for a violation of the Act." *Gilbert v.*

11 - OPINION AND ORDER

*United States*, 165 F.3d 470, 474, n. 2 (6th Cir. 1999); *see also United States v. Roberts*, 779 F.2d 565, 568 (9th Cir. 1986) (so holding under an earlier version of a similar statute that applied to the Navy), *abrogation on other grounds recognized by United States v. Khan*, 35 F.3d 426, 432 n. 7 (9th Cir. 1994). As petitioner is unable to provide the court with any authority supporting his assertion that suppression of his statements would be appropriate for a violation of the Posse Comitatus Act, he cannot demonstrate that counsel's failure to include such an argument in his Motion to Suppress prejudiced his case.

Petitioner also asserts that counsel failed to argue the allegedly coercive atmosphere of his questioning at Fort Lewis voided the waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), but he does not provide the court with sufficient argument to prevail on this claim. In any event, the record does not support petitioner's assertion. He testified that he was only "shocked" at the allegations made by the victims, but was only a "little nervous" to speak with the Military Police. Trial Transcript, p. 284. Based on this record, there is insufficient evidence to conclude that the questioning at Fort Lewis took place under such a coercive atmosphere that petitioner's waiver of his *Miranda* rights was invalid.

Finally, in Ground One(c), petitioner asserts that counsel's performance fell below an objective standard of reasonableness when

he failed to ensure that the jury's makeup was representative of a cross-section of Lane County's population. He argues that although the minority demographic in Lane County is approximately 14%, he does not recall seeing any racial minority in the venire panel or the petit jury.

The Sixth Amendment guarantees criminal defendants a jury made up of a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). It does not guarantee a jury of "any particular composition," but instead requires only that the pool from which jurors are chosen "must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id* at 538. In order to establish a prima facie violation of the fair cross-section requirement, petitioner must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in the venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). If a litigant is able to establish a prima facie violation, the State must be given an opportunity to show that the practice which results in the disproportionate exclusion of a distinctive group manifestly advances an overriding, significant government interest. *Id* at 367-68.

13 - OPINION AND ORDER

In his PCR Appellant's Brief, petitioner, citing *Duren*, conceded that he could not prevail on his claim given his failure to introduce sufficient evidence during the course of his PCR trial:

> Petitioner concedes that the record does not contain a statistical analysis of the minorities called for the jury pool and thus petitioner does not have evidence to carry his burden to establish systematic exclusion of a cognizable group either by the selection process or by peremptory challenges.

Respondent's Exhibit 126, p. 18.

Given petitioner's admission during his state court proceedings that he failed to carry his burden of proof, he cannot show that the resulting state court decisions denying relief on this claim were either contrary to, or unreasonable applications of, clearly established federal law. *See Holland*, 542 U.S. at 652 ("whether a state court's decision was unreasonable must be assessed in light of the record the court had before it"). While petitioner attempts to rely on information from the U.S. Census Bureau (Petitioner's Exhibits 10-11) to support his claim in this habeas proceeding, he and his attorney could have readily developed this evidence during his PCR trial through the exercise of due diligence.[2] Because he did not do so, petitioner is not entitled

---

[2] While petitioner did unsuccessfully seek discovery on the issue of his jury's composition, (Petitioner's Exhibits 13, 14), he has not proven that the Lane County Circuit Court's refusal to allow him to engage in this discovery was improper, especially in light of the fact that he sought this discovery approximately three

14 - OPINION AND ORDER

to an evidentiary hearing or expansion of the record in this case. *See Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005) (to receive an evidentiary hearing, petitioner must show that he did not receive a full and fair opportunity to develop his evidence in the state courts).

To the extent petitioner seeks to present a Sixth Amendment claim of trial court error based on the makeup of his jury, such a claim was not raised on direct appeal, and the presentation of an ineffective assistance of counsel claim based upon the jury composition was insufficient to preserve a direct appeal claim for habeas review. *See* O.R.S. 138.550 (1999) (any issue that could have been raised on direct appeal is not a ground for post-conviction relief); *Palmer v. State*, 318 Or. 352, 867 P.2d 1368 (1994).

### 2.  Grounds Four(a) and (b): Trial Court Error.

In Ground Four(a), petitioner alleges that his statements to the Military Police should have been suppressed under the Posse Comitatus Act. As previously discussed, suppression of

---

years after the Judgement was entered in his criminal case. In addition, petitioner's request for discovery was made in Lane County, not to the Malheur County Circuit Court which was responsible for adjudicating his claim of ineffective assistance of counsel. Petitioner fails to demonstrate why he could not have developed the information he seeks to present here during the course of his PCR trial.

15 - OPINION AND ORDER

petitioner's statements is not a remedy for a violation of the Act. Accordingly, petitioner is unable to prevail on this claim.[3]

In Ground Four(b), petitioner asserts that his Measure 11 sentence violated his right to a fundamentally fair sentencing proceeding because Measure 11 is cruel and unusual, and because it deprived him of his right to be heard at sentencing.[4] In the context of a § 2254 habeas corpus action, the Ninth Circuit, applying clearly established federal law, previously determined that Oregon's Ballot Measure 11 is not cruel and unusual. *Alvarado v. Hill*, 252 F.3d 1066, 1069 (9th Cir. 2001).

With respect to allocution, petitioner fails to offer, and the court is unable to find, any clearly established federal law which invalidates mandatory minimum sentencing laws on the basis that they do not afford a criminal defendant an adequate opportunity for allocution. Habeas corpus relief is therefore not appropriate.

Upon an independent review of the record in this case, the court concludes that the state court decisions denying relief on

---

[3] Although petitioner also argues that his indictment should be dismissed based on the alleged violation of the Posse Comitatus Act, this claim was neither presented to the state courts, nor contained in the Amended Petition. Consequently, it is not properly before the court. Even if the claim had been properly preserved, it would not entitle petitioner to relief because dismissal of the indictment is not one of the Act's remedies.

[4] Measure 11 (codified at O.R.S. 137.700) was a ballot measure in Oregon which was passed in 1994 and imposed mandatory minimum sentences for certain crimes committed on or after April 1, 1995.

16 - OPINION AND ORDER

petitioner's claims were neither contrary to, nor unreasonable applications of, clearly established federal law.

## **CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#30) is DENIED.

DATED this __26__ day of August, 2008.

                          /s/Michael W. Mosman
                            Michael W. Mosman
                            United States District Judge

17 - OPINION AND ORDER